# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| BRENDA A. HINES,<br><br>   Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>   Defendant. | No. C16-1005-LTS<br><br>**MEMORANDUM OPINION AND<br>ORDER ON REPORT AND<br>RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Jon Stuart Scoles, then Chief United States Magistrate Judge. *See* Doc. No. 14. Judge Scoles recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to the R&R and the deadline for objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit

explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely

because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

3

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Hines applied for disabled widow's benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act) on October 5, 2012. She alleged she became disabled on September 22, 2011, due to hernia, bilateral hearing loss and rheumatoid arthritis. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Hines was not disabled as defined in the Act. Hines argues the ALJ erred in determining that she was not disabled because:

1. The ALJ failed to fully and fairly develop the record by failing to order a consultative examination regarding Hines' intellectual functioning.

2. The ALJ's residual function capacity (RFC) assessment is flawed as it is not supported by substantial medical evidence from a treating or examining source.

3. The ALJ erred in failing to find Hines "disabled" under medical-vocational guidelines where Hines was limited to less than full range of light work, was a few days shy of her 50th birthday on her alleged onset date, has no transferable skills, and is essentially illiterate.

4. The ALJ failed to acknowledge and resolve conflicts between the vocational expert's testimony and the dictionary of occupational titles (DOT) where the ALJ found Hines could not perform overhead reaching and could not read, yet the jobs identified by the vocational expert require "frequent" reaching and some reading.

*See* Doc. No. 10. Judge Scoles addressed each argument in his R&R.

4

With regard to the sufficiency of the consultative examination, Hines argues that the ALJ ignored the consultative examiner's opinion as to Hines' borderline intellectual functioning. Hines contends that the ALJ should have ordered an additional consultative examination with IQ testing to fully assess her intellectual capabilities. Judge Scoles summarized the law regarding the factors the ALJ must consider in evaluating a medical opinion from a non-treating medical source. Doc. No. 14 at 10-11. Notably, an ALJ is not required to order additional medical examinations and tests unless the record contains insufficient medical evidence to determine whether a claimant is disabled. *Id.* (citing *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)). After reviewing the ALJ's evaluation of the consultative examiner's opinion and the entire record, Judge Scoles concluded the ALJ properly considered and weighed this evidence. *Id.* at 12. He reasoned that the ALJ assigned the opinion "little" weight due to inconsistencies within the opinion and with the record as a whole. For instance, the examiner found Hines had potential "borderline" intellectual functioning, but this was based on tests Hines had at age 7, and the examiner found she had "no speech problems and language expression was generally good." *Id.* (quoting Administrative Record (AR) at 405). While the examiner estimated Hines' intellectual ability to be in the lower to "possibly" borderline range, he did not suggest further testing. *Id.* For these reasons, Judge Scoles concluded that the ALJ properly evaluated the consultative examiner's opinion and found that an additional consultative examination was unnecessary based on the sufficiency of the other evidence in the record. *Id.* at 13.

Next, Judge Scoles considered Hines' argument that she should have been found disabled based on the medical-vocational guidelines and the ALJ's finding that she was essentially illiterate. The medical-vocational guidelines provide that an individual closely approaching advanced age (50-54 years old), who is illiterate or unable to communicate in English, has no previous work experience or can no longer perform vocationally relevant past work and has no transferable skills should be found disabled. *Id.* (citing 20

C.F.R. Pt. 404, Subpt. P, App.2, Table 2, Rule 202.09). Hines argues that because the ALJ found her essentially illiterate, she should be considered disabled under Rule 202.09. If not disabled under this rule, Hines maintains she should be considered disabled at Step Five because the jobs identified by the vocational expert (VE) require various levels of reading ability to perform the job. *Id.* Judge Scoles noted that although the ALJ did not make a finding that Hines is "illiterate," the ALJ concluded that "she would not be able to read content or write information to share with others in the workplace." *Id.* at 14 (citing AR at 24). Judge Scoles also noted that Hines completed only the ninth grade in school and that she was enrolled in special education courses for math and reading. *Id.* Because the record is not clear as to whether Hines is illiterate, and because this finding could be dispositive under the medical-vocational guidelines, Judge Scoles recommended remand for the ALJ "to fully and fairly develop the record as it pertains to Hines' RFC." *Id.* He further recommends that the ALJ order a consultative examination on remand that addresses Hines' functional abilities and limitations in the area of literacy. *Id.*

In addition, Judge Scoles noted there are "clear conflicts" between the VE's testimony, the DOT job descriptions and the ALJ's hypothetical questions and RFC determination. The ALJ provided a hypothetical of an individual who was not "able to read for content on the job or to write information that's shared with others in the workplace." *Id.* at 15. The VE opined that an individual with these limitations could perform jobs of companion, cleaner and sorter. *Id.* Neither the ALJ nor the VE addressed the reading level requirements for these jobs and considered whether they would be consistent with the hypothetical. *Id.* The DOT indicates all of these jobs require some level of reading ability. *Id.* at 15-16. Judge Scoles noted that it is the ALJ's duty to resolve any conflicts between the DOT and VE testimony. *Id.* at 16. Based on the ALJ's failure to address or resolve the conflict here, Judge Scoles concluded the ALJ failed to fully and fairly develop the record as to the VE's testimony. *Id.*

6

Based on these findings, Judge Scoles concluded that the ALJ's ultimate determination that Hines was not disabled is not supported by substantial evidence. *Id*. He concluded as follows:

> I recommend this matter be remanded to the Commissioner for further proceedings. On remand, the ALJ should fully and fairly develop the record with regard to Hines' RFC, particularly with regard to her ability to read and write. The ALJ should order a consultative examination that addresses Hines' functional abilities and limitations in the area of literacy. The ALJ should also fully and fairly develop the record with regard to the vocational expert's testimony, and resolve all conflicts between the vocational expert's testimony, the DOT job descriptions, and Hines' RFC in making his disability determination. Accordingly, I believe that this matter should be remanded for further proceedings as discussed herein.

*Id*. at 17.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Scoles applied the appropriate legal standards in concluding the ALJ failed to: (1) fully and fairly develop the record with regard to Hines' ability to read and write and (2) resolve the conflicts between the VE's testimony, the DOT job descriptions and Hines' RFC. Therefore, I find no error – clear or otherwise – in Judge Scoles' recommendation and adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Scoles' R&R (Doc. No. 14) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Scoles' recommendation:

a. The Commissioner's determination that Hines was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Scoles.

b. Judgment shall enter in favor of Hines and against the Commissioner.

c. If Hines wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 7th day of February, 2017.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE